UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN THE MATTER OF THE APPLICATION  )
OF THE UNITED STATES OF AMERICA   )
FOR AN ORDER FOR PRODUCTION OF    )     *09-mc-17-JM*
RECORDS AND AUTHORIZING THE       )
INSTALLATION AND USE OF A PEN     )     SEALED DOCUMENT
REGISTER AND/OR TRAP AND TRACE    )
FOR MOBILE IDENTIFICATION         )
NUMBER (281) 763-3361             )

## ORDER

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 2703(c), 2703(d), 2705(b), 3123(a), 3123(b)(2) and 3124(a) by the United States through its attorneys, Michael J. Gunnison, Acting United States Attorney, and Terry L. Ollila, Assistant U.S. Attorney for the District of New Hampshire, requesting an Order:

   (1) authorizing the production by Sprint Nextel, and any
   other electronic communications service provider(s) whose
   services, facilities and/or number(s) are involved, all
   providers of electronic communication service within the
   meaning of 18 U.S.C. § 2510(15), to the United States
   Attorney for the District of New Hampshire and to the
   Federal Bureau of Investigation, of certain transactional
   records, identified below, from January 1, 2009, and
   extending sixty (60) days from the date of the Court's Order
   pertaining to cellular/wireless telephone number, or MIN
   (mobile identification number) (281)763-3361, and other
   telephone numbers being dialed from or dialing into that
   number;

   (2) authorizing the installation and use of a pen register
   and/or trap and trace;

   (3) precluding the provider(s) of such service from
   disclosing to the subscriber(s) or to any other unauthorized

person this request, any Court Order issued in connection therewith, the fact of disclosure of such records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. § 2705(b); and

(4) sealing this Application and Order.

The Court finds first, that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records sought pursuant to 18 U.S.C. § 2703(d) are relevant and material to an ongoing criminal investigation, specifically an investigation being conducted by the Federal Bureau of Investigation into a possible violations of Title 21, United States Code, Sections 801, et. seq., as set forth in the Application.

Additionally, the Court finds that disclosure to any person of this investigation or of this Application and Order entered in connection therewith would jeopardize the investigation.

WHEREFORE, IT IS ORDERED pursuant to Title 18, United States Code, Sections 2703(d), 2705(b), 3123(a), 3123(b)(2) and 3124(a) that Sprint Nextel, and any other electronic communication service provider(s) (including but not limited to contractual roaming carrier(s)) whose services or facilities (including cell towers) or number(s) are involved forthwith, furnish agents of the Federal Bureau of Investigation with the following

transactional records pertaining to cellular/wireless telephone number (281) 763-3361, and other telephone numbers being dialed from or dialing into that number, for the time period from January 1, 2009, extending sixty (60) days from the date of this Order:

  a. Cell site activation;

  b. Numbers dialed;

  c. Incoming numbers if identified, without geographic limitations;

  d. Unanswered calls which are routed directly to voicemail and incomplete calls;

  e. Call durations;

  f. Signaling information;

  g. A listing of all control channels and their corresponding cell-sites;

  h. Subscriber, Electronic Serial Number (ESN) and/or International Mobile Subscriber Identifier (IMSI) as may be applicable, and billing information for cellular/wireless telephone number (281) 763-3361, and other telephone numbers being dialed from or dialing into that number;

  i. An engineering map, showing all cell-site tower locations, sectors, and orientations; and

  j. Subscriber, Electronic Serial Number ("ESN"), and/or International Mobile Subscriber Identifier (IMSI) as may be applicable, call detail and billing information for any other cellular/wireless telephones on the same account as cellular/wireless telephone number (281) 763-3361, or that may be identified from these records;

IT IS FURTHER ORDERED that should the cellular/wireless target telephone number, also known as an MIN, the IMEI, the IMSI, or the ESN, or combination, be changed by the subscriber during the course of this Order, the Court's Order will apply to any new MIN, IMEI, IMSI or ESN, or combination thereof.

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123, that the Federal Bureau of Investigation, through the appropriate telecommunication facility, may use trap and trace devices, for sixty (60) days from the date of this Order, to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information, including all inbound and outbound direct connect calls utilizing a CDR (call detail records) database, reasonably likely to identify the source of a wire or electronic communication, and a pen register to record or decode dialing, routing, addressing, or signaling information, including all inbound and outbound direct connect calls utilizing a CDR (call detail records) database, transmitted by telephone lines (281) 763-3361; and,

IT IS FURTHER ORDERED, pursuant to Section 3123(b)(2) of Title 18, that Sprint Nextel, and any other electronic communication service provider(s) (including but not limited to

contractual roaming carrier(s)) whose services or facilities (including cell towers and/or networks) or number(s) are involved forthwith shall furnish the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and/or trap and trace unobtrusively and with a minimum of interference with the services that the person so ordered by the Court accords the party with respect to whom the installation and use is to take place.

IT IS FURTHER ORDERED that the results of the pen register and trap and trace devices shall be furnished to the Federal Bureau of Investigation at reasonable intervals during regular business hours for the duration of the Order;

IT IS FURTHER ORDERED that the Federal Bureau of Investigation will reasonably compensate the provider of a wire or electronic communication service, landlord, custodian, or other person who furnishes facilities or technical assistance for such reasonable expenses incurred in providing such facilities and assistance in complying with this Order.

IT IS FURTHER ORDERED that upon request from employees of the Federal Bureau of Investigation, the subject cellular/wireless telephone number shall be activated in the CALEA based solution which allows the Federal Bureau of

Investigation to receive Dialed Digit Extraction if available.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 2703(d), Sprint Nextel, and any other electronic communication service provider(s) whose services and/or number(s) are involved, shall provide the Federal Bureau of Investigation with subscriber information, including the name(s) and address(es) of the subscriber(s) (published and non-published) for the telephone numbers dialing into and being dialed from cellular/wireless telephone number (281) 763-3361 from January 1, 2009, and extending sixty (60) days from the date of this Order.

IT IS FURTHER ORDERED that this Order and the Application shall be sealed until otherwise ordered by the Court, and that Sprint Nextel, and any other electronic communication service provider(s) whose services and/or number(s) are involved, upon which this Order is served, and their agents and employees, shall not disclose the existence of this Order or the existence of this investigation to the subscriber(s) or to any other person, unless or until otherwise ordered by the Court.

April 9, 2009

_____
James R. Muirhead
United States Magistrate Judge